UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHED TREVEL WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-1187-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On November 14, 2013, Shed Trevel Woods, a pro se prisoner, filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction [ECF No. 1]. The petition challenged the prison disciplinary hearing (MCF 13-09-085) that was held at the Miami Correctional Facility on September 17, 2013. The Disciplinary Hearing Body ("DHB") found him guilty of Assault/Battery With a Weapon in violation of A-102 and sanctioned him with the loss of 360 days earned credit time and demoted him from Credit Class 2 to Credit Class 3. The Petitioner raised seven grounds in his habeas corpus petition.

On January 21, 2014, the Court issued an Order [ECF No. 21] dismissing Grounds One, Three, Four, Five, Six, and Seven; and ordering the Respondent to file a response to Ground Two. On March 3, 2014, the Respondent filed a response to Ground Two [ECF No. 8], which included a complete administrative record of the Petitioner's prison disciplinary hearing. For the reasons stated in this Opinion and Order, the Court will deny the Petitioner's habeas corpus petition in full.

## DISCUSSION

**Ground Two**

The Petitioner asserts that there was insufficient evidence for the DHB to find him guilty of Assault/Battery With a Weapon. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted); *see also McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

(quotations marks and citation omitted). Here, the DHB relied on a confidential record that was filed with the Court, but not disclosed to the petitioner because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). The Court has reviewed the confidential record in this case and is satisfied that there was sufficient evidence to find that the Petitioner was guilty of Assault/Battery With a Weapon, namely, assaulting another offender with a broom. Therefore, the Petitioner's claim in Ground 2 is dismissed.

**Petitioner's Previously Dismissed Grounds for Relief**

The Court notes that on March 19, 2014, the Petitioner filed a Declaration to Traverse [ECF No. 10], which contains additional arguments related to the other grounds for relief raised in his habeas corpus petition and dismissed in the Court's Order on January 21, 2014. For the sake of clarity and completeness, the Court will, again, address the Petitioner's claims.

The Petitioner asserted in Ground 1 that he was denied a lay advocate during the disciplinary hearing. However, the Petitioner is not entitled to a lay advocate, and accordingly, this is not a basis for habeas corpus relief. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) (lay advocate only required when the inmate is illiterate or the issues are complex); s*ee also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992); *Wilson-El v. Finnan*, 263 Fed. App'x 503 (7th Cir. 2008).

In Ground Three, the Petitioner asserted that he was denied the right to present a witness statement from the screening officer who notified him of the charges against him in this case. He also asserted that he was denied the right to present a witness statement from the hearing officer who had previously found him not guilty of these charges. Though an inmate has a right to present relevant, exculpatory evidence, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 556. Here, the guards whom the Petitioner wished to call as witnesses did not have personal knowledge about whether he assaulted another inmate with a broom. They did not see the assault, conduct the investigation, or have any relevant or exculpatory evidence to present. Therefore, DHB properly refused to consider the witnesses' testimony.

In Grounds Four and Five, the Petitioner asserted that he was denied the right to present documentary evidence because confidential statements were considered outside of his presence. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *White v. Ind. Parole Bd.,* 266 F.3d 759, 767 (7th Cir. 2001). Accordingly, the Petitioner's evidence was presented because the DHB did, in fact, consider the evidence.

In Ground Six, the Petitioner asserted that he was denied the opportunity to confront and cross-examine the witnesses against him. However, an inmate in a prison disciplinary hearing has no right to confront or cross-examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply").

In Ground Seven, the Petitioner asserted that the charge was vindictive and retaliatory. But "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787. Therefore, the motivation for filing the charge against the Petitioner is not a basis for habeas corpus relief.

Finally, the Petitioner argued that various actions taken during the course of his prison disciplinary investigation and prosecution violated prison policies. However, the violation of a prison policy is irrelevant to a determination of whether he is entitled to habeas corpus relief because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**CONCLUSION**

For the foregoing reasons, the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction is **DENIED** and this case is **DISMISSED**.

SO ORDERED on December 1, 2014.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION